## JONES *v.* KEARNS.

DECLARATIONS OF AGENT—HEARSAY EVIDENCE.—Where issue is joined as to the price for which certain flour was sold, evidence obtained by the party making the sale, from the declarations of his agent, is inadmissible in his own behalf. Such evidence is hearsay.

APPEAL from Marion County.

*George K. Shiel* and *Bonham & Ramsey*, for appellant.

*J. A. Stratton*, for respondent.

By the Court, WATSON, C. J.:

The respondent, Jones, brought this action in the court below, to recover the amount of an alleged over payment from the appellant.

The respondent and one George Powell undertook to grind some wheat furnished by the appellant, and market the flour made therefrom, and account to him for the proceeds.

It is alleged in the complaint that they advanced the respondent a sum greater, by the amount for which judgment is asked, than was received from the proceeds of the flour. The respondent has succeeded to Powell's interest in the claim. The only issue made by the pleadings is as to the amount for which the flour was sold.

Upon the trial, one Church, a witness for the respondent, testified without being asked by the party calling him, that the flour shipped by the respondent was damaged on the way to Liverpool, and that he obtained his information on this subject from the agent of Sibson, Church & Co., who acted for the respondent and Powell at Liverpool and sold the flour there, and that in consequence of such damage the flour sold for less price.

Appellant by his counsel asked the court to exclude the testimony from the consideration of the jury as being incompetent, which was refused and exception taken. This evidence tended to prove the respondent's side of the issue. He claimed to have sold for the less price, and the appellant contended that he had sold it for a greater amount. The evidence was therefore material and if improperly admitted it is ground for reversal.

We can perceive no ground upon which its admissibility can be successfully maintained. No such relation between the appellant and the agent of Sibson, Church & Co., is shown as would justify the admission of his declarations against the appellant, nor will any presumption in favor of the regularity of the proceedings in the lower court, which we are permitted to indulge in, supply the omission.

The evidence given by Church was mere hearsay, and should have been excluded. The failure to do so was error on the part of the court below affecting the substantial rights of the appellant.

The objections to the admission of the exhibits "A," "B," and "C," are insufficient in the present state of the bill of exceptions to raise the points relied on to secure a reversal.

But for the error in refusing to exclude the testimony of Church, the judgment is reversed and a new trial ordered.